O
JS-6

# United States District Court
# Central District of California

BRENDA RUFFINS et al.,

    Plaintiffs,

    v.

RICHMAN PROPERTY SERVICES, INC. et al.,

    Defendants.

Case № 2:24-cv-08288-ODW (SSCx)

**ORDER REMANDING CASE AND DENYING DEFENDANT'S MOTION TO DISMISS [9]**

## I. INTRODUCTION

On July 31, 2024, Plaintiffs Brenda Ruffins and Danielle Gromme initiated this action against Defendants Richman Property Services, Inc. ("Richman") and DOES 1 through 10 for violation of California's Investigative Consumer Reporting Agencies Act ("ICRAA") in the Superior Court of California. (Notice Removal ("NOR") Ex. A ("Complaint" or "Compl."), ECF Nos. 1, 1-1.) On September 26, 2024, Richman removed this action to federal court based on alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (NOR ¶ 11.) On October 15, 2024, the Court ordered the parties to show cause why this action should not be remanded for lack of subject-matter jurisdiction. (Order Show Cause ("OSC"), ECF No 17.) On October 22, 2024, the parties responded. (Def.'s Resp. OSC, ECF No. 18; Pls.' Resp. OSC, ECF No. 19.)

For the reasons below, the Court **REMANDS** this action to Ventura County Superior Court.

## II.     BACKGROUND

In 2023 and 2024, Plaintiffs completed and submitted rental applications ("Application") to apply for apartment units in a building operated by Richman. (Compl. ¶¶ 7, 14.)  The Application notified applicants that Richman may screen for criminal background and previous evictions.  (*Id.* ¶ 15.)  Richman did not provide a process for Plaintiffs to indicate that they wished to receive a copy of any report prepared in connection with the Applications, and it did not provide Plaintiffs with "a consent form or disclosure with a box to check" in connection with such reports.  (*Id.* ¶ 20.)  Richman later processed Plaintiffs' Applications and requested investigative consumer reports about each Plaintiff, obtaining at least one such report about each Plaintiff.  (*Id.* ¶¶ 18–19.)  Richman did not provide Plaintiffs a copy of any such reports.  (*Id.* ¶ 21.)  Plaintiffs became residents of an apartment building Richman operates.  (*See* Decl. Theresa Eastwood Davis ISO Def.'s Resp. OSC ("Davis Decl.") ¶¶ 4–5, ECF No. 18-2.)

On August 23, 2024, Plaintiffs filed this lawsuit in the Superior Court of the State of California, County of Ventura.  (Compl.)  In their Complaint, Plaintiffs assert two causes of action for violation of the ICRAA, and one cause of action seeking a judicial declaration that Plaintiffs' Applications and annual re-certifications violate the ICRAA and are "therefore illegal and wholly void."  (*Id.* ¶¶ 24–44.)  As relief, Plaintiffs request (1) general, compensatory, and punitive damages; (2) statutory damages; (3) interest; (4) attorneys' fees; (5) equitable relief and restitution; (6) declaratory judgment that Plaintiffs' Application and annual re-certification violates the ICRAA; (6) an injunction enjoining Richman from violating the ICRAA or refusing to rent to Plaintiffs; and (7) a writ of mandate and injunction requiring Richman to, among other things, comply with the ICRAA by including in its rental

application an option for prospective applicants to receive a copy of any investigative consumer report and, if requested, providing the reports themselves. (*Id.*, Prayer.)[1]

Richman removed this action to federal court, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). (NOR ¶ 11.) On October 22, 2024, the Court sua sponte ordered the parties to show cause why this action should not be remanded for lack of subject-matter jurisdiction, specifically with respect to the amount in controversy. (OSC 2.) Richman opposes remand, while Plaintiffs support it. (Def.'s Resp. OSC; Pls.' Resp. OSC.) Richman also moves to dismiss this case. (Mot. Dismiss, ECF No. 9.)[2]

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court. Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

---

[1] Richman "notes the presence on the Superior Court docket of an amended filing by Plaintiffs, but this purported amended complaint was never served and is therefore not effective." (Def.'s OSC Resp. 8.) Richman explains that the amended complaint it characterizes as "inoperative" "limit[s] the total amount of recovery, including statutory damages, attorneys' fees and costs, and [the] cost of injunctive relief not to exceed $74,999." (*Id.* at 9 n.4.) Neither party has filed this purported amended complaint on the Court's docket, nor has either party argued that the Complaint, which Defendant attached to the NOR, is inoperative. Therefore, for purposes of this Order, the Court considers whether the Complaint filed on the docket provides a basis for this Court's jurisdiction.
[2] As of the date of this Order, the briefing on Richman's motion to dismiss remains ongoing.

("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). Removal is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.*

## IV. DISCUSSION

The Court addresses each of the five categories of damages that Richman asserts contributes to an amount in controversy exceeding $75,000: (1) statutory damages; (2) attorneys' fees; (3) declaratory relief; (4) injunctive relief; and (5) other damages. (*See* Def.'s Resp. OSC.)

### A. Statutory Damages

The ICRAA, requires, among other things, any person requesting an "investigative consumer report" to "[p]rovide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy" of such report. Cal. Civ. Code § 1786.16(b). The ICRAA provides for a minimum of $10,000 in damages for violations of the statute. *Id.* § 1786.50(a)(1). In their Complaint, Plaintiffs claim they "are each entitled to statutory damages in the amount of $10,000 per investigative report" and that Richman obtained "at least one" such report about each Plaintiff. (Compl. ¶ 31.) For purposes of the jurisdictional analysis, Plaintiffs' claims are not aggregated. *See, e.g.*, *Completo v. Richman Prop. Servs., Inc.*, No. 2:24-cv-04233-ODW (SSCx), 2024 WL 4492044, at *2–4 (C.D. Cal. Oct. 15, 2024); *Calloway v. Richman Prop. Servs., Inc.*, No. 2:24-cv-04232-ODW (SSCx), 2024 WL 4492045, at *2–4 (C.D. Cal. Oct. 15, 2024). Because each Plaintiff seeks $10,000 of statutory damages per investigative consumer report, and each Plaintiff alleges that Defendant "obtained at least one" such reports per Plaintiff, (Compl. ¶ 33), Plaintiffs' claim for statutory damages supports only $10,000 amount in controversy.

B.   **Attorneys' Fees**

Under the ICRAA, a plaintiff may recover "the costs of the action together with reasonable attorney's fees as determined by the court." Cal. Civ. Code § 1786.50(a)(2). The Ninth Circuit has held that attorneys' fees awarded under fee-shifting statutes can be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016). However, "a removing defendant" must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). As such, a "district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.* Although a defendant can "meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, No. 21-cv-857 TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021).

Here, Richman fails to meet its burden with respect to attorneys' fees. Richman cites a handful of cases to support its contention that attorneys' fees should be included in the amount in controversy calculation. (*See* Def.'s Resp. OSC 6–8.) First, Richman cites *Elmi v. Related Mgmt. Co., L.P.*, No. G061379, 2023 WL 6210756 (Cal. Ct. App. Sept. 25, 2023), as an example of an ICRAA case where a plaintiff sought more than $300,000 in attorneys' fees. (*See* Def.'s Resp. OSC 6–7.) However, there, the appellate court did not award $300,000 in attorneys' fees, but instead affirmed the trial court's $19,440 award. *Elmi*, 2023 WL 6210756, at 1, 4.

Second, Richman cites *Smith v. Abode Cmtys., LLC*, No. 20STCV11372, 2022 WL 17752962 (Cal. Super. Ct. Oct. 11, 2022), in which a court awarded Plaintiffs' counsel $147,690 in an ICRAA case it won after a jury trial. (*See* Def.'s

Resp. OSC 7.) Despite that case concerning an ICRAA claim litigated by Plaintiffs' counsel, Richman makes no effort to explain how that case is comparable to this one such that the Court "can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan*, 2021 WL 4352340, at *6. Moreover, attorneys' fees may be less here than the typical case—including *Smith*—because Plaintiffs' counsel is representing numerous Plaintiffs in nearly identical cases against Richman where the parties have filed nearly identical motions.[3] This duplication of work would more likely than not lead to a reduced attorneys' fees award on a per-Plaintiff basis.[4]

In an apparent effort to show duplication of work would not lead to a reduced attorneys' fees award, Richman cites two "duplicative ICRAA cases" Plaintiffs' counsel recently litigated. (*See* Req. Judicial Notice ISO Def.'s Resp. OSC ("RJN") Ex. 1 ("*Lopez*"), Ex. 2 ("*Woods*") ECF Nos. 18-6 to 18-8.)[5] Neither case supports Richman. In *Woods*, a California court awarded $34,133 in attorneys' fees, but the court did not address any arguments about reduced fees related to duplication of work. (*See Woods*.) And in *Lopez*, a California court awarded Plaintiffs' $54,158.50 in an ICRAA case won after summary adjudication. (*See Lopez*.) But, notably, the court "disagree[d] that the time-entries identified by [defendant] are based on duplicative work." (*Lopez* 4.) Equally important, even if the Court were to credit these fee amounts, neither number would raise the amount in controversy to exceed $75,000.

---

[3] *See, e.g.*, Mot. J. Pleadings, *Completo v. Richman Prop. Servs.*, No. 2:24-cv-04233-ODW (SSCx), ECF No. 18; Mot. J. Pleadings, *Calloway v. Richman Prop. Servs., Inc.*, No. 2:24-cv-04232-ODW (SSCx), ECF No. 22; Mot. Dismiss, *Harville v. Richman Prop. Servs., Inc.*, No. 2:24-cv-07832-ODW (SSCx), ECF No. 11; Mot. Dismiss, *Alvarado v. Richman Prop. Servs., Inc.*, No. 8:24-cv-02008-ODW (SSCx), ECF No. 10; Mot. Dismiss, *Lee v. Richman Prop. Servs., Inc.*, No. 2:24-cv-08286-ODW (SSCx), ECF No. 11; Mot. Dismiss, *Murph v. Richman Prop. Servs., Inc.*, No. 2:24-cv-08545-ODW (SSCx), ECF No. 10; Mot. Dismiss, *Hernandez v. Richman Prop. Servs., Inc.*, No. 2:24-cv-08242-ODW (SSCx), ECF No. 9.

[4] For the same reason, a declaration from one of Richman's attorneys stating that "[s]ignificant fees have been incurred so far" and "based on [his] experience, it is unlikely this case will settle quickly, (Decl. Benjamin E. Strauss ¶ 2, ECF No. 18-1), does not assist Richman in meeting its burden.

[5] The Court **GRANTS** Richman's request for judicial notice of courts' rulings on fee motions in other ICRAA cases over Plaintiffs' objection. (*See* RJN; Pls. Obj. RJN, ECF No. 19-1.)

Because the removal statute is strictly construed, and all doubts are resolved in favor of remand, the Court finds that Richman fails to submit adequate evidence substantiating any attorneys' fees. Accordingly, the Court does not consider attorneys' fees in its amount in controversy calculation.

### C. Other Damages

Richman references the alleged punitive damages. (Def.'s Resp. OSC 5–6, 10.) Richman's bare assertion that the Court should consider these damages "provides the Court with no factual or legal basis by which to determine the likelihood" of such an award in this case. *Banuelos v. Colonial Life & Acc. Ins. Co.*, No. 2:11-cv-08955-JHN (AGRx), 2011 WL 6106518, at *2 (C.D. Cal. Dec. 8, 2011); *Dressler v. Hartford Fin. Servs. Grp., Inc.*, No. 2:14-cv-02134-MMM (MANx), 2014 WL 12560796, at *7 (C.D. Cal. June 19, 2014) ("The mere fact that a plaintiff seeks punitive damages, however, is not sufficient, standing alone, to establish that the amount in controversy exceeds the jurisdictional threshold."). Therefore, inclusion of these damages "in the amount in controversy would be improper." *Hulse v. Bethesda Lutheran Cmtys., Inc.*, No. 5:18-cv-00262-FMO (KKx), 2018 WL 1033223, at *3 (C.D. Cal. Feb. 23, 2018). For the same reasons, the Court cannot consider the other purported monetary damages, including compensatory, general, emotional distress damages, and invasion of privacy damages. (*See* Def.'s Resp. OSC 4, 10.)

### D. Injunctive Relief

Because Richman only references injunctive relief in passing, (*id.* at 10), the Court cannot ascribe any value to this relief for purposes of the jurisdictional analysis.

### E. Declaratory Relief

Richman contends that the cost of complying with Plaintiffs' requested declaratory relief satisfies the amount in controversy. (*See id.* at 9–10.) "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Corral*, 878 F.3d at 775; *accord Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

The "object of the litigation" in this case is a declaration that rental applications and annual re-certifications are void. (*See* Compl. ¶ 39, Prayer ¶¶ 7–8). Richman asserts that declaratory relief, in conjunction with equitable relief and restitution, could cost it between $17,184 and $31,956 for Plaintiffs (the rent due throughout Plaintiffs' respective leases). (Def.'s Resp. OSC 10; *see* Davis Decl. ¶¶ 4–5.) The Court cannot credit this amount because the rental *agreement* is not the "object of the litigation."

Plaintiffs seek a declaration that their "Rental Application and the annual re-certification . . . violate the ICRAA." (Compl., Prayer ¶ 8.) Separately in the Complaint—but not the Prayer for Relief—Plaintiffs seek a declaration that these applications "are illegal and wholly void." (Compl. ¶ 43.) Even crediting this requested relief, nowhere in the Complaint do Plaintiffs request a declaration that their rental agreements are void. (*See generally* Compl.) Richman has not shown how voiding the rental application, but not the rental agreement, would cost it any money or lead to voidance of the rental agreements themselves. Richman's unsworn assertion that "[t]hese applications are a condition precedent to the leases," (Def.'s Resp. OSC 10), does not alter this finding.

Therefore, for purposes of the jurisdictional analysis, Richman has proven $10,000 in controversy. Even assuming some amount in controversy for attorneys' fees, injunctive and declaratory relief, and other damages, the amount in controversy is well below the $75,000 threshold required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

## V. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case to the Superior Court of California, County of Ventura, 800 South Victoria Avenue, Ventura, California, 93009, Case No. 2024CUNP028017. Consequently, the Court **DENIES** Richman's Motion to Dismiss, (ECF No. 9), as moot.

**IT IS SO ORDERED.**

October 29, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**